IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN JARRELL, LINDA JARRELL, DUSTIN CHANCE, and DUSTIN CHANCE, as father and next friend of T.C., a minor,<br><br>  Plaintiffs,<br><br>v.<br><br>AHMED IBRAHIM HAAJI, U.S. ROADWAYS ENTERPRISES, INC., and CSAA GENERAL INSURANCE COMPANY,<br><br>  Defendants. | Case No. CIV-23-00037-PRW |

### ORDER

Before the Court is Defendant Roadways Enterprises, Inc.'s ("Roadways'") Partial Motion to Dismiss and Brief in Support (Dkt. 4). Roadways seeks an order dismissing Plaintiffs' direct negligence and punitive damages claims against it. Plaintiffs filed a response in opposition, alternatively asking for leave to amend their Complaint.

*Background*

This case arises out of a vehicle collision between Plaintiffs and Defendant Haaji. On or about December 9, 2020, Defendant Haaji was operating a commercial motor vehicle owned by his employer, Roadways. Plaintiffs allege that Defendant Haaji made a negligent U-turn on to westbound US-412, blocking the roadway down which Plaintiffs were traveling and resulting in an unavoidable accident. Plaintiffs further allege that Defendant Haaji first attempted to flee the scene of the accident, then failed to render aid to Plaintiffs.

1

Plaintiffs filed this action on December 5, 2022, alleging several claims against Roadways, including: (1) vicarious liability for Defendant Haaji's negligence under the doctrine of *respondeat superior*; (2) direct liability for negligent hiring, training, supervision, retention, and entrustment; and (3) punitive damages. Roadways moves for dismissal of Plaintiffs' direct liability and punitive damages claims against it for failure to state a claim.[1]

## *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations,"[2] must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Parties bear the "obligation to provide the grounds of their entitlement to relief," which requires "more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do."[4] The pleaded facts must be sufficient to establish that the claim is plausible.[5] In considering whether a claim is plausible, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[6]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

[5] *See id.*

[6] *Brokers' Choice*, 861 F.3d at 1105.

*Discussion*

**I. Negligent Hiring, Training, Supervision, and Retention**

Roadways stipulates that Defendant Haaji was acting within the scope of his employment at the time of the collision. As a result, it argues, Plaintiffs may not maintain their direct actions for negligent hiring, training, supervision, and retention under controlling Oklahoma law. That precedent is *Jordan v. Cates*,[7] in which the Oklahoma Supreme Court held that "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring [and retention] exposes the employer to no additional liability."[8] "[W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," it explained, "any other theory for imposing liability on the employer [becomes] unnecessary and superfluous."[9]

Plaintiffs respond that the scope of *Jordan* was sharply curtailed by the Oklahoma Supreme Court's 2018 decision in *Fox v. Mize*.[10] There, say Plaintiffs, the Court limited *Jordan* to cases of intentional torts while recognizing that simultaneous claims of direct and vicarious liability for negligent employment practices could go forward.[11] Roadways

---

[7] 935 P.2d 289 (Okla. 1997).

[8] *Id.* at 294.

[9] *Id.* at 293.

[10] 428 P.3d 314 (Okla. 2018).

[11] *See id.* at 323 & n.12.

responds that *Fox* did not sweep so broadly; rather, *Fox* simply declined to extend *Jordan* to claims of negligent entrustment.

Courts in this District have repeatedly joined with the latter view, that "*Jordan* remains good law, and this Court is obliged to follow it."[12] Plaintiffs direct the Court's attention to *Stalnaker v. Three Brothers Transport, LLC*,[13] a Northern District of Oklahoma case in which Judge Tymkovich predicted that the Oklahoma Supreme Court would rethink *Jordan* if given the opportunity. This Court has previously acknowledged that *Jordan* is "roundly criticized" and "ripe for reconsideration."[14] But until that reconsideration occurs, "[t]o properly discern the content of state law, we 'must defer to the most recent decisions of the state's highest court.'"[15] *Fox* remains the Oklahoma Supreme Court's latest word on this matter, and its holding was expressly limited to negligent entrustment claims.[16]

For the above reasons, the Court finds that *Jordan* remains good law. Under *Jordan*, Roadways' stipulation that any liability would be under the *respondeat superior* doctrine means that Plaintiffs may not maintain their direct actions for negligent hiring, training, supervision, and retention. As a matter of law, these claims must be dismissed.

---

[12] *See, e.g.*, *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *1–2 (W.D. Okla. Apr. 27, 2023); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *2 (W.D. Okla. July 15, 2022); *Estate of Ratley ex rel. Ratley v. Awad*, No. CV-19-00265-PRW, 2021 WL 1845497, at *4–5 (W.D. Okla. May 7, 2021).

[13] 20-CV-00140-JED-CDL (N.D. Okla. Jan. 31, 2022).

[14] *Estate of Ratley*, 2021 WL 1845497, at *4.

[15] *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010) (quoting *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)).

[16] *See Fox*, 428 P.3d at 322 ("[W]e need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim.").

**II. Negligent Entrustment and Punitive Damages**

Roadways moves to dismiss Plaintiffs negligent entrustment and punitive damages claims for failure to plead sufficient facts. As to negligent entrustment, Plaintiffs argue that the Complaint alleges two sets of specific facts supporting the claim. First, Plaintiffs allege that Defendant Haaji's actions at the scene of the accident violated various federal and state statutes and regulation. Plaintiffs state that these allegations "establish [that] Haaji was an incompetent and/or reckless driver," which "Roadways knew or should have known . . . when it entrusted Haaji with its tractor-trailer."[17] Second, Plaintiffs point to "Roadways' above average out-of-service violations" as "evidence of systemic problem[s]" with Roadways' employment practices.

The Court agrees with Roadways that the Complaint fails to nudge the negligent entrustment claim across the line to plausibility. "Negligent entrustment requires proof that 'an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others."[18] Even viewing the allegations in the light most favorable to Plaintiffs, the fact that Defendant Haaji allegedly proved a bad driver in the course of the accident says nothing about whether Roadways knew or should have known that Defendant Haaji would use their truck in a dangerous way at the time Roadways entrusted it to him. Similarly, Roadways' alleged poor safety record is not probative of Roadways' knowledge of Defendant Haaji

---

[17] Pls.' Resp. (Dkt. 12), at 8.

[18] *Fox*, 428 P.3d at 320 (quoting *Pierce v. Okla. Prop. & Cas. Ins. Co.*, 901 P.2d 819, 823 (Okla. 1995)).

individually. The Court finds that Plaintiffs have failed to plead sufficient facts to support their negligent entrustment claim against Roadways.

As to punitive damages, the Complaint alleges that "U.S. Roadways' independent acts and omissions were done with malice and/or reckless disregard for the right of the motoring public, including Plaintiffs."[19] Even in their Response (Dkt. 12) to the Motion, Plaintiffs fail to point to specific facts supporting this conclusory allegation, except for an oblique reference to Roadways' safety record discussed above.[20] Even construed in the light most favorable to Plaintiffs, a higher than average record of out-of-service violations, standing alone, is not enough to ground an allegation of malice or reckless disregard. The Court finds that Plaintiffs have failed to plead sufficient facts to support their punitive damages claim against Roadways.

**III. Leave to Amend**

In their Response (Dkt. 12), Plaintiffs ask for leave to amend their Complaint should the Court find that any claims have not been sufficiently pleaded. Federal Rule of Civil Procedure 15 states that leave to amend should be freely given when justice so requires.[21] However, leave to amend may be denied where amendment would be futile.[22] Roadways argues that, in light of *Jordan*, amendment would be futile for the direct claims of negligent hiring, training, supervision, and retention. For the reasons discussed above, the Court

---

[19] Compl. (Dkt. 1-2), at ¶ 65.

[20] Pls.' Resp. (Dkt. 12), at 16–17.

[21] Fed. R. Civ. P. 15(a)(2).

[22] *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).

agrees that these claims are barred as a matter of law, and therefore that any amendment to the Complain on these grounds would be futile. However, the Court is not persuaded by Roadways' conclusory assertion that "Plaintiffs cannot meet their burden to show the Court sufficient facts exist that would support any direct negligence and/or punitive damage claims."[23] Enough facts may exist to support negligent entrustment or punitive damage claims, or at least to clear the relatively lenient pleading standard. The Court finds that an amendment to allege such facts would not be futile.

## *Conclusion*

In accordance with the above discussion, the Motion (Dkt. 4) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' direct claims against Roadways for negligent hiring, training, supervision, and retention, are **DISMISSED**. As to the negligent entrustment and punitive damage claims against Roadways, Plaintiffs may file an amended complaint within 30 days of this Order.

**IT IS SO ORDERED** this 14th day of December 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[23] Def.'s Mot. (Dkt. 4), at 13–14.