IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN JARRELL, LINDA JARRELL, DUSTIN CHANCE, and DUSTIN CHANCE, as father and next friend of T.C., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> AHMED IBRAHIM HAAJI, U.S. ROADWAYS ENTERPRISES, INC. and CSAA GENERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. CIV-23-37-PRW |

## **ORDER**

Before the Court are Plaintiff Lynn Jarrell's First Motion to Compel Supplemental Discovery Responses from Defendant US Roadways Enterprises, Inc. (Dkt. 47); Roadways' Response (Dkt. 56); and Plaintiff Lynn Jarrell's Reply (Dkt. 63). Also before the Court is Plaintiff Lynn Jarrell's First Motion to Compel Supplemental Discovery Response from Defendant Ahmed Ibrahim Haaji (Dkt. 48), to which no response was filed.

### *Background*

This case arises from the collision of a tractor-trailer driven by Defendant Haaji and owned by Defendant Roadways and a truck driven by Plaintiff Lynn Jarrell, which contained Plaintiffs Linda Jarrell, Dustin Chance, and T.C. as passengers. Plaintiffs allege that Haaji made a negligent U-turn on to westbound US-412, blocking the roadway on

1

which Plaintiffs were traveling and resulting in an unavoidable accident. Plaintiffs further allege that Haaji first attempted to flee the scene of the accident, and failed to render aid to Plaintiffs.

Plaintiffs filed this action in state court, and Defendants removed it to this Court on January 11, 2023. On May 8, 2025, Plaintiffs were granted leave to file an amended complaint. The Amended Complaint asserts claims against Defendant Haaji for (1) negligence, (2) negligence *per se*, and (3) punitive damages, and against Defendant Roadways for (1) vicarious liability via the doctrine of *respondeat superior*, (2) negligent entrustment, and (3) punitive damages.[1] Plaintiff Lynn Jarrell now seeks to compel Roadways and Haaji to supplement their responses to various interrogatories and requests for production.

## *Legal Standard*

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case."[2] "Information within this scope . . . need not be admissible in evidence to be discoverable."[3] Rule 37(a) provides that a party may move to compel discovery so long as that party certifies "that the movant has in good faith conferred or attempted to

---

[1] Though not relevant here, Plaintiffs also assert an uninsured/underinsured motorist claim against Defendant CSAA General Insurance Company. *See* Pls.' Am. Compl. (Dkt. 73).

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Id.*

confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."[4]

When a party withholds discoverable information due to a claimed privilege, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[5] "Generally, a privilege log is the tool the withholding party uses to comply with this rule."[6] If a party fails to timely and adequately make an objection, any privilege, even if it would have been applicable, may be deemed waived.[7]

When a party asserts that information is protected from discovery due to the attorney-client privilege or the work product doctrine, it "has the burden of establishing that either or both is applicable."[8] In diversity cases, attorney-client privilege claims are governed by state law, while work product claims are governed by federal law.[9] Under Oklahoma law, attorney-client privilege is established when "the status occupied by the

---

[4] Fed. R. Civ. P. 37(a)(1); *see also* LCvR37.1.

[5] Fed. R. Civ. P. 26(b)(5)(A).

[6] *Producers Coop. Oil Mill v. Aspen Specialty Ins. Co.*, No. CIV-14-703-C, 2016 WL 11613007, at *2 (W.D. Okla. Feb. 10, 2016); *Jackson v. Terrace Gardens Nursing Ctr., LLC*, No. CIV-23-00319-JD, 2025 WL 1020888, at *4 (W.D. Okla. Apr. 4, 2025).

[7] *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

[8] *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

[9] *See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). Courts often merge the analyses. *Lindley v. Life Investors Ins. Co. of Am.*, 267 F.R.D. 382, 395 (N.D. Okla. 2010), *aff'd in part as modified by* 2010 WL 1741407 (N.D. Okla. Apr. 28, 2010).

parties was that of attorney and client and . . . their communications were of a confidential nature,"[10] and when those communications were "made for the purpose of facilitating the rendition of professional legal services to the client."[11] Determining whether the privilege applies is a fact-driven and circumstantial exercise.[12]

The attorney work product privilege is governed by Federal Rule of Civil Procedure 26(b)(3).[13] Generally, the privilege protects from discovery "documents and tangible things that are prepared in anticipation of litigation."[14] To determine whether a document was prepared in anticipation of litigation, "courts should consider whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'"[15] Documents that would have been produced in the ordinary course of business and bare facts are not protected.[16]

---

[10] *Chandler v. Denton*, 741 P.2d 855, 865 (Okla. 1987).

[11] OKLA. STAT. tit. 12, § 2502(B).

[12] *See Lindley*, 267 F.R.D. at 391–92.

[13] Fed. R. Civ. P. 26(b)(3); *see Frontier Refining*, 136 F.3d at 702–03.

[14] Fed. R. Civ. P. 26(b)(3)(A).

[15] *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, No. CIV-08-1125-C, 2010 WL 2594828, at *5 (W.D. Okla. June 22, 2010) (quoting *Retail Brand All., Inc. v. Factory Mut. Ins. Co.*, No. 05 Civ. 103 1(RJH)(HBP), 2008 WL 622810, at *4 (S.D.N.Y. Mar. 7, 2008)).

[16] *See id* (quoting *E.B. v. N.Y. City Bd. of Educ.*, No. CV 2002–5118(CPS)(MDG), 2007 WL 2874862, at *3 (E.D.N.Y. Sept. 27, 2007)); *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D.Okla.1980)).

*Analysis*

I.  **Plaintiff Lynn Jarrell's First Motion to Compel Supplemental Discovery Responses from Defendant US Roadways Enterprises, Inc. (Dkt. 47)**

Plaintiff Jarrell seeks supplementation from Roadways on three interrogatories and two requests for production. Roadways argues that supplementation is not warranted, largely relying on the work product doctrine and attorney-client privilege as its basis for doing so. Plaintiff certified that the parties met and conferred prior to filing his Motion to Compel.[17]

*Interrogatories 3 and 4*

Interrogatory 3 asks Roadways to identify "any statements . . . pertaining to Plaintiffs' injuries and damages" obtained by Roadways.[18] Interrogatory 4 asks Roadways to the identify of all individuals who investigated the accident or its consequences.[19] Roadways objected to both interrogatories, stating: "To the extent this Interrogatory seeks information related to Defense counsel's investigation which is clearly protected by the attorney client privilege and/or the work product doctrine, Defendant objects to identifying or providing the same."[20] Then, its answer was "limit[ed] . . . to non-protected information."[21]

---

[17] *See* Fed. R. Civ. P. 37(a)(1); *see also* LCvR37.1.
[18] Roadways' Answers to Pl.'s First Set of Interrogs. (Dkt. 47-1), at 3–4.
[19] *Id.* at 4.
[20] *Id.*
[21] *Id.*

5

The dispute surrounding these two interrogatories largely turns on a provision contained within Roadways' Driver and Vehicle Safety Handbook, which provides that Roadways' Accident Review Committee will review each accident and make a preventability determination based upon its review.[22] Plaintiff argues that the identifies of the individuals involved in this review, and any responsive statements taken during the course of the review, are subject to disclosure. Roadways argues in response that defense counsel's investigation into the accident is protected by the work product doctrine, and any communications between Roadways and counsel are protected by the attorney-client privilege.

While Roadways argues that defense counsel's investigation into the accident is privileged, Roadways provides no argument as to how the Accident Review Committee's investigation falls within the work product doctrine or attorney-client privilege. It appears that this review took place during Roadways' normal course of business, as it is Roadways policy to conduct the review after "each vehicle accident."[23] As such, it does not appear to be protected by either privilege.[24]

Further, Interrogatory 4 seeks only the identification of persons who investigated the accident. Roadways argues that the identities of the individuals who are hired to investigate at counsel's direction *can* be protected if their disclosure would somehow divulge counsel's legal strategy or mental impressions. But this argument is unpersuasive

---

[22] Roadways' Driver and Vehicle Safety Handbook (Dkt. 47-7), at 6.
[23] *Id.*
[24] *See Wells Fargo Bank*, 2010 WL 2594828, at *5.

because facts alone are not protected by the work product doctrine,[25] and Roadways does not explain how their disclosure would divulge counsel's legal strategy or mental impressions here. Additionally, besides generally referencing the privilege, Roadways makes no attempt at demonstrating how the attorney-client privilege is applicable.[26] As such, Roadways has not satisfied its burden of establishing that either privilege is applicable to these interrogatories.[27]

Plaintiff's requests for supplementation of Roadways' responses to Interrogatories 3 and 4 are **GRANTED**. Roadways shall supplement its responses to Interrogatories 3 and 4. In the event that there was no review by the Accident Review Committee, Roadways shall affirmatively say so. For any responsive statements withheld that Roadways justifiably believes to be privileged, Roadways shall produce a privilege log describing them.[28]

---

[25] *Resol. Tr. Corp*, 73 F.3d at 266 ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." (citing *Feldman*, 87 F.R.D. at 89)).

[26] *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Pruess v. Presbyterian Health Plan, Inc.*, 579 F. Supp. 3d 1235, 1240 (D.N.M. 2022) ("Arguments against discovery must be supported by 'specific examples and articulate reasoning.'" (quoting *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006))); *Kizer v. N. Am. Transp. Servs., LLC*, No. CIV-18-846-D, 2020 WL 6263733, at *2 (W.D. Okla. Oct. 23, 2020) ("When a responding party . . . generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper." (citing *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 541–42)).

[27] *See Barclaysamerican*, 746 F.2d at 656.

[28] Fed. R. Civ. P. 26(b)(3)(A)(ii); *Kizer*, 2020 WL 6263733, at *4.

*Interrogatory 17*

Interrogatory 17 states:

"If [US Roadways] ha[s] performed any review (e.g., accident review board, preventability determination) of the Incident to determine preventability and/or fault, Identify all Persons involved in the review, the dates of the review and the conclusions that were reached."[29]

Roadways objected to this request on the basis that this information is overly broad, unduly burdensome, seeks information that is privileged pursuant to the self-critical analysis privilege, the statutory privilege provided by 49 U.S.C. § 504(f), the work product doctrine, and the attorney-client privilege, and because it is not relevant or admissible.

As an initial matter, Roadways makes no attempt at elaborating on how this request is overly broad or unduly burdensome. Such boiler plate objections are insufficient.[30] Its invocation of the attorney-client privilege and work product doctrine fare no better. Roadways makes only general references in its Response to these privileges and fails to show how any of the information sought in this interrogatory—the identities of those involved in Roadways' review of the accident, the dates of the review, and their conclusions—fall within these privileges.

---

[29] Roadways' Answers to Pl.'s First Set of Interrogs. (Dkt. 47-1), at 5 (first alteration in original).

[30] *See* Fed. R. Civ. P. 33(b)(4) (requiring the grounds of an objection to be "stated with specificity"); *Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *2 (D.N.M. Mar. 25, 2020) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (quoting *D.J. Simmons, Inc. v. Broaddus*, 2001 WL 37125080, at *3 (D.N.M. Jul. 10, 2001))).

As to the self-critical analysis privilege, Roadways' objection states that "[t]he self-critical analysis privilege, *where recognized*, generally protects from disclosure" certain documents.[31] But absent in the objection and the briefing is any argument that the self-critical analysis privilege has been, or should be, recognized in Oklahoma or the Tenth Circuit.[32] The Court declines to do so today.

Roadways' next argument centers around the statutory privilege set forth in 49 U.S.C. § 504(f), which provides that:

> No part of a report of an accident occurring in operations of a motor carrier, motor carrier of migrant workers, or motor private carrier and required by the Secretary, and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation.

Roadways asserts that § 504 shields all of the information sought in this interrogatory from discovery. The privilege afforded by § 504, however, does not appear to be so broad. Instead, § 504 shields accident registers and reports made as a requirement of the Secretary, or any reports made by the Secretary, from disclosure.[33] It logically follows that § 504 also

---

[31] Roadways' Answers to Pl.'s First Set of Interrogs. (Dkt. 47-1), at 5 (emphasis added).

[32] *See Lindley*, 267 F.R.D. at 387–88 (declining to adopt the self-critical analysis privilege when offered no authoritative support for its application); *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1198 n.8 (10th Cir. 2006) (stating that the self-critical analysis privilege is "recognized for specified situations in a minority of states").

[33] *Scott v. Waste Connections US, Inc.*, No. 323CV00142RJCSCR, 2023 WL 8628333, at *2 (W.D.N.C. Dec. 13, 2023) (collecting cases); *Booker v. P.A.M. Transp., Inc.*, No. 2:23-CV-18 WJ/KRS, 2023 WL 7182280, at *6 (D.N.M. Nov. 1, 2023) ("[R]egister reports are not subject to discovery."); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 5098291, at *2 (W.D. Okla. Nov. 1, 2021) (holding that DOT accident registers are protected by § 504).

shields the specific information Roadways is required to include in its accident register.[34] But any other information related to Roadways' internal review of the accident not specifically required by the Secretary is not shielded from discovery by § 504.[35] Specific to this interrogatory, Roadways has not shown that the identities of the individuals involved in the accident review, the dates of the review, or their conclusions constitute "part of a report . . . required by the Secretary."[36]

Finally, Roadways argues that this information is not relevant and is inadmissible. But this information is clearly relevant because whether the accident was preventable bears directly on whether there was breach of the duty of care, which is essential to Plaintiffs' negligence claims. Further, any individuals involved in Roadways' internal investigation

---

[34] *See* 49 C.F.R. § 390.15(b) (setting forth the information required in an accident register); *Booker*, 2023 WL 7182280, at *6.

[35] *See Sajda v. Brewton*, 265 F.R.D. 334, 341 (N.D. Ind. 2009) ("The statute provides protection for all parts of 'a report of an accident' required by the Secretary, but it does not extend to regularly-gathered information that the carrier acquires and uses to fill in the blanks on that DOT report."); *Sykes*, 2021 WL 5098291, at *2 (holding that a company's internal accident review was subject to disclosure because it contained "information beyond what is required for the accident register and there has been no showing that such additional information has been requested by DOT through an audit or otherwise"); *Rogers v. Quality Carriers, Inc.*, No. 4:15-CV-22-JD-JEM, 2016 WL 3413766, at *5 (N.D. Ind. June 21, 2016) (concluding that an incident report "not made by the Secretary of Transportation" and which defendants did not argue was required by the Secretary of Transportation was not protected by § 504); *see also Pierce Cty., Wash. v. Guillen*, 537 U.S. 129, 144 (2003) ("[S]tatutes establishing evidentiary privileges must be construed narrowly because privileges impede the search for the truth." (citing *Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982))).

[36] 49 U.S.C. § 504(f).

are very likely to have knowledge regarding the underlying accident and its cause. Any admissibility issues that arise can be addressed at a later date.[37]

Plaintiffs' request for supplementation of Roadways' response to Interrogatory 17 is **GRANTED**. Roadways shall supplement its response to this interrogatory. And again, to the extent that the Accident Review Committee did not conduct a review, Roadways shall affirmatively say so.

*Request for Production 10*

Request for Production 10 seeks any notes relating to the events which form the basis for the lawsuit.[38] Roadways objects, again raising the attorney-client privilege and work product doctrine.[39] Roadways specifically argues in its Response that any notes created during defense counsel's investigation into the accident, or by Roadways' Accident Review Committee during its internal review of the accident, are protected by privilege and not subject to disclosure. Plaintiff argues that because Roadways has failed to produce a privilege log, all of its objections to this request should be deemed waived.

---

[37] Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[38] Roadways' Resp. to Pl.'s First Set of Reqs. for Produc. (Dkt. 47-2), at 3.

[39] In its Response, Roadways asserts for the first time that the documents requested are not relevant, overly broad, and cumulative. Roadways' Resp. (Dkt. 56), at 12. But these objections were not timely made and are therefore waived. *Taylor v. Boise Cascade Express*, No. CIV-04-0266-L, 2005 WL 8164845, at 2 (W.D. Okla. Nov. 9, 2005) ("[A] party's failure to make a clear and timely showing that privilege applies constitutes a waiver of the privilege, regardless of the nature of the documents at issue." (citing *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542)).

When a party withholds information due to a claim of privilege, Federal Rule of Civil Procedure 26(b)(5) requires both (1) an express claim of privilege *and* (2) for the party withholding information to "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Though Roadways has expressly claimed that this information is privileged and argues that the "discoverability of any notes depends upon the circumstances of their making,"[40] Roadways has failed to sufficiently describe the nature of the documents withheld or the circumstances surrounding their creation such that Plaintiff and the Court can assess its claim of privilege—despite a direct request from Plaintiff for a privilege log.[41] This is inadequate.

Further, as mentioned above, Plaintiff has put forth support demonstrating that Roadways' Accident Review Committee conducts an internal review of all accidents as part of its normal course of business.[42] Based on the information before the Court, documents created during this review would not be protected from disclosure by either the

---

[40] Def. Roadways' Resp. (Dkt. 56), at 11.

[41] Pl.'s Req. for Suppl. (Dkt. 47-5), at 5 ("If US Roadways is claiming responsive documents in its possession, custody, or control are privileged, please identify them on a privilege log."); *see Kizer v. N. Am. Transp. Servs., LLC*, No. CIV-18-846-D, 2020 WL 1161094, at *3 (W.D. Okla. Mar. 10, 2020) ("The specific objection requirement provides the party seeking discovery with a basis for determining what documents the party asserting the privilege has withheld.").

[42] Roadways' Driver and Vehicle Safety Handbook (Dkt. 47-7), at 6.

work product doctrine or the attorney-client privilege.[43] However, Roadways has also affirmatively asserted that experts hired by defense counsel have generated responsive notes. Such notes are protected by the work product doctrine and need not be produced.

As such, Plaintiffs' Motion to Compel as to Request for Production 10 is **GRANTED IN PART**. To the extent that there are responsive documents to this request created or compiled by the Accident Review Committee, Plaintiff is entitled to their disclosure[44] and any objections specific to such documents have been waived due to Roadways failure to produce a privilege log.[45] Any notes generated by defense counsel—or the investigator hired by defense counsel—are protected by the work product doctrine and need not be produced.

***Request for Production 13***

Request for Production 13 seeks the production of any leases or contracts in effect at the time of the accident.[46] Roadways objects, arguing that these documents are not relevant because they have no bearing on the claims or defenses at issue.

---

[43] *See Wells Fargo Bank*, 2010 WL 2594828, at *5.

[44] Plaintiff has clarified that he is not seeking Roadways' accident register, which is protected from disclosure under 49 U.S.C. § 504.

[45] *See Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542 (Even if "the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege."); *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266–67 (D. Kan. 2008) (finding that waiver may be appropriate when a privilege log is not produced until after a party is ordered to produce various documents).

[46] Roadways' Resp. to Pl.'s First Set of Reqs. for Produc. (Dkt. 47-2), at 4.

At the time Plaintiff filed his Motion to Compel, the only pending claims were for negligence, negligence *per se*, and punitive damages against Defendant Haaji, and for vicarious liability against Roadways. But since the filing of Plaintiff's Motion, Plaintiffs were granted leave to file an Amended Complaint, in which Plaintiffs reassert their claims for negligent entrustment and punitive damages against Roadways. So regardless of whether ownership of the tractor-trailer is relevant to the negligence claims against Haaji, it is relevant to Plaintiffs' negligent entrustment claim. As such, any contracts or leases involving the tractor-trailer at the time of the accident are within the scope of discovery.[47]

Plaintiff's Motion to Compel Roadways' response to request for production 13 is **GRANTED**. Roadways shall produce any documents responsive to this request.

**II.     Plaintiff Lynn Jarrell's First Motion to Compel Supplemental Discovery Responses from Defendant Ahmed Ibrahim Haaji (Dkt. 48)**

Plaintiff Jarrell also seeks supplementation from Defendant Haaji on three interrogatories. Haaji filed no response to the motion. Plaintiff certified that the parties met and conferred in good faith prior to the filing of Plaintiff's Motion to Compel.[48]

*Interrogatories 4 and 19*

Interrogatories 4 and 19 are substantially similar to Interrogatories 3 and 4 issued to Roadways and addressed above. Interrogatory 4 seeks the identification of all persons who have investigated the accident or its consequences.[49] Interrogatory 19 seeks the disclosure

---

[47] *See* Fed. R. Civ. P. 26(b)(5).

[48] *See* Fed. R. Civ. P. 37(a); *see also* LCvR37.1.

[49] Haaji's Answers to Pl.'s First Set of Interrogs. (Dkt. 48-1), at 4.

of all written or verbal statements given by Haaji or others regarding the accident.[50] Haaji's objection to both interrogatories states: "To the extent this Interrogatory seeks information related to Defense counsel's investigation which is clearly protected by the attorney client privilege and/or the work product doctrine, Defendant objects to identifying or providing the same." Then, his answer was "limit[ed] . . . to non-protected information."

Haaji has not established that either privilege applies to the information sought in these interrogatories.[51] As set forth above, the identities of the individuals who have investigated the accident do not fall within the work-product doctrine because the work-product doctrine does not protect bare facts.[52] And Haaji fails to elaborate on how the information sought falls within the protections of either privilege.[53] Further, Plaintiff argues that Haaji was required to notify his supervisor following the accident and to complete a "Drivers Report."[54] To the extent that such statements exist, Plaintiff is entitled to their disclosure.

---

[50] *Id.* at 8.

[51] *See Barclaysamerican*, 746 F.2d at 656 ("The party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable. ").

[52] *See Resol. Tr. Corp.*, 73 F.3d at 266.

[53] *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Kizer*, 2020 WL 6263733, at *2 ("When a responding party . . . generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper." (citing *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 541–42).

[54] Driver and Vehicle Safety Handbook (Dkt. 48-3), at 6.

Plaintiff's Motion to Compel Haaji's responses to these interrogatories is **GRANTED**. To the extent that there are any responsive statements withheld Haaji believes to be justifiably privileged, Haaji shall produce a privilege log describing them.[55]

***Interrogatory 10***

Interrogatory 10 requests Haaji to provide his employment history for the past ten years.[56] Haaji objected, arguing that this request is overbroad as to timeframe and not relevant. His answer solely stated that he was employed by Roadways at the time of the accident.

As to relevancy, Haaji primarily argues that his employment history is not relevant because it has no bearing on the general negligence claims against Haaji. But as argued by Plaintiff, Haaji's experience as a commercial driver is relevant to whether Haaji reasonably relied on this experience when making the U-turn that led to the underlying accident. And as mentioned above, Plaintiffs were granted leave to file an Amended Complaint, which reasserts their previously dismissed negligent entrustment claim. Haaji's employment history is relevant to Plaintiffs' negligent entrustment claim because it provides some insight into whether Roadways had reason to know that Haaji might use the tractor-trailer in a manner that was dangerous to others.[57]

---

[55] Fed. R. Civ. P. 26(b)(3)(A)(ii); *Kizer*, 2020 WL 6263733, at *4.

[56] Haaji's Answers to Pl.'s First Set of Interrogs. (Dkt. 48-1), at 7.

[57] *See Pierce v. Okla. Prop. and Cas. Ins. Co.*, 901 P.2d 819, 823 (Okla. 1995) (setting forth the elements of negligent entrustment).

The Court agrees with Haaji, however, that Haaji's employment history after the accident is not relevant to any of the claims or defenses at issue, and that the timeframe is overbroad. As such, the Court **GRANTS IN PART** Plaintiff's request for supplementation of this interrogatory. Haaji shall supplement this response and provide his employment history for the five years preceding the date of the accident. His work history following the accident is not relevant to any claims or defenses and need not be provided.

### III. Plaintiff's request for reimbursement of expenses incurring in bringing the Motions

Plaintiff requested reimbursement for his expenses in each motion to compel. Federal Rule of Civil Procedure 37(a)(5)(C) provides that when a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." With the exception of Roadways' and Haaji's failure to produce a privilege log, it appears that the remainder of their objections were made in good faith and were mostly substantially justified.[58] For this reason, the Court declines to apportion the reasonable expenses for the motions. Each party shall bear its own fees and costs associated with the motions.

### Conclusion

Plaintiff Lynn Jarrell's First Motion to Compel Supplemental Discovery Responses from Defendant US Roadways Enterprises, Inc. (Dkt. 47) is **GRANTED IN PART** and **DENIED IN PART** as set forth above, and Plaintiff Lynn Jarrell's First Motion to Compel

---

[58] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

Supplemental Discovery Response from Defendant Ahmed Ibrahim Haaji (Dkt. 48) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Roadways and Haaji shall supplement their responses and produce the responsive documents as ordered herein within ten days of this Order.

**IT IS SO ORDERED** this 22nd day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE