IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN JARRELL, et al., | ) )  )  ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. CIV-23-37-PRW |
| AHMED IBRAHIM HAAJI, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**ORDER**

Before the Court is Defendants Ahmed Ibrahim Haaji and U.S. Roadways Enterprises, Inc.'s Amended Motion for Partial Judgment on the Pleadings (Dkt. 46). Plaintiffs responded (Dkt. 50) and Defendants replied (Dkt. 52). The parties also submitted a Joint Stipulation as to Arguments on Negligence *per se* Claims (Dkt. 82), following Plaintiff's submission of an Amended Complaint (Dkt. 81). The parties stipulate that the negligence *per se* allegations at the center of Defendants' Haaji and Roadways's Amended Motion for Partial Judgment on the Pleadings (Dkt. 46) are materially unchanged since Defendants filed their Motion and the related briefing papers are still responsive. For the reasons given below, the Court **GRANTS** the Motion (Dkt. 46) and **DISMISSES** the negligence *per se* claims in Plaintiffs' Amended Complaint (Dkt. 81) as to violations of 47 O.S. §§ 11-102, 11-403(C), and 11-602(A).

*Background*

This case arises out of a vehicle collision between Plaintiffs and Defendant Haaji. On or about December 9, 2020, Defendant Haaji was operating a commercial motor vehicle

1

owned by his employer, Roadways. Plaintiffs allege that Defendant Haaji made a negligent U-turn onto westbound US-412, blocking the roadway down which Plaintiffs were traveling and resulting in an unavoidable accident. Plaintiffs further allege that Defendant Haaji first attempted to flee the scene of the accident, then failed to render aid to Plaintiffs. Plaintiffs filed this action on December 5, 2022, and have since amended their Complaint, alleging several claims against Haaji and Roadways, but central to the present Motion are the claims for negligence *per se* against Haaji and the claim for vicarious liability against Roadways for Defendant Haaji's negligence *per se* under the doctrine of *respondeat superior*. Defendants Roadways and Haaji move the Court to dismiss both claims with prejudice, arguing that Plaintiff's negligence *per se* claims improperly rely on violations of state law that do not contain the sort of fixed standards required to bootstrap a successful negligence *per se* claim.

### *Legal Standard*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[1] The Court treats motions for judgment on the pleadings under Rule 12(c) as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] When reviewing such a motion to dismiss, "[a]ll well-pleaded facts, as

---

[1] Fed. R. Civ. P. 12(c).

[2] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

distinguished from conclusory allegations,"[3] must be accepted as true and viewed "in the light most favorable to the plaintiff."[4] Parties must "provide the grounds of their entitlement to relief," requiring "more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do."[5] The pleaded facts must be sufficient to establish that the claim is plausible.[6] In considering whether a claim is plausible, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[7]

### *Discussion*

The claims at issue here allege violations of a series of Oklahoma state laws referred to as "Rules of the Road."[8] Plaintiffs allege that Haaji violated five different provisions of the Rules of the Road, 47 O.S. §§ 11-102, 11-403(C), 11-602(A), 10-102(A),[9] and 10-104(A), upon which they premise their negligence *per se* claims.

---

[3] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

[4] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

[6] *See id.*

[7] *Brokers' Choice*, 861 F.3d at 1105.

[8] 47 O.S. § 11-101, *et seq*.

[9] The Court notes that Plaintiffs cite "47 O.S. § 11-102(A)" at ¶ 45 of their Amended Complaint. The Court can find no evidence that such a provision exists and instead presumes that Plaintiffs intended to cite 47 O.S. § 10-102(A).

Under Oklahoma law, "[t]he negligence *per se* doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties."[10] In order for a party to make out a claim for negligence *per se,* a plaintiff must show that the statutory violation caused the injury, the injury was the type intended to be prevented by the statute, and the "injured party must be one of the class intended to be protected by the statute."[11] In substituting the common law reasonable care standard, though, the underlying statute in a negligence *per se* claim must provide a standard of care "fixed and defined by law and . . . the same in all circumstances."[12] In order for the negligence *per se* claim to borrow the underlying statutory standard of care, the statute must "impose positive objective standards."[13]

As to all negligence *per se* claims, Defendants argue that none of the underlying statutes provide a necessary objective standard of conduct upon which to base a successful negligence *per se* claim.

Taking each in turn, the Court finds that none of the statutes proffered by Plaintiffs in the Amended Complaint can carry a negligence *per se* claim.

Plaintiffs first allege that Haaji violated 47 O.S. § 11-102, which incorporates the other Rules of the Road: "It is unlawful . . . to do any act forbidden or fail to perform any

---

[10] *Howard v. Zimmer,* 299 P.3d 463, 467 (Okla. 2013).

[11] *Id.* (citations omitted).

[12] *Smith v. Barker,* 419 P.3d 327, 333 (Okla. Civ. App. 2017) (citation omitted).

[13] *Id.*

4

act required [by the Rules of the Road]." Mere commands to follow the law do not provide the sort of "fixed and defined" standard of care necessary to sustain a negligence *per se* claim.[14] To hold otherwise would essentially turn all traffic injuries into negligence *per se* claims and would necessarily widen the doctrine in all other areas of state law that include general statutes that command citizens to follow the law.

    Plaintiffs then allege Haaji violated 47 O.S. § 11-403(C), which states:

> The driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for the existing conditions, or shall stop if necessary as provided in subsection (e) of Section 11-703 of this title, and shall yield the right-of-way to any pedestrian legally crossing the roadway on which the driver is driving, and to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard. Said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield to the vehicle so proceeding, provided, however, that if such driver is involved in a collision with a pedestrian in a crosswalk or vehicle in the intersection after driving past a yield sign without stopping, such collision shall be deemed prima facie evidence of the driver's failure to yield right-of-way.

    Again, this statute cannot lay the foundation for a negligence *per se* claim. The nebulous requirement to slow to a reasonable speed is neither fixed nor defined, as is the command that drivers stop if necessary. These are context-dependent duties that point to common law reasonableness principles. Further, Plaintiffs allege that Haaji "utilized the center median turn lane to make a U-turn" when the accident occurred.[15] The accident did not occur "in the intersection after driving past a yield sign without stopping[.]" Therefore,

---

[14] *Id.*

[15] Amend. Compl. (Dkt. 81), ¶23.

Plaintiffs may not rely on 47 O.S. § 11-403(C) to make a prima facie showing of negligence.

Next, Plaintiffs allege a violation of 47 O.S. § 11-602(A): "Unless otherwise prohibited by law, the driver of a vehicle shall not turn the vehicle so as to proceed in the opposite direction unless and until such movement can be made with reasonable safety and without interfering with other traffic." On its face this provision incorporates a common law reasonableness standard and will not support a negligence *per se* claim. While Plaintiffs were able to provide precedent demonstrating that Oklahoma courts have held that driving an automobile on the wrong side of the road is "'prima facie evidence of negligence'" when done so in violation of the Rules of the Road,[16] Plaintiffs concede that the caselaw is distinguishable from this case, since Haaji was not driving on the wrong side of the road.[17]

Plaintiff's fourth negligence *per se* allegation relies on a violation of 47 O.S. § 10-102(A), which states:

> The driver of any vehicle involved in an accident resulting in a nonfatal injury to any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 10-104 of this title. Every such stop shall be made without obstructing traffic more than is necessary.

---

[16] *Shoopman v. Travelers Ins. Co.,* 518 P.2d 1108, 1110 (citation omitted).

[17] Plfs.' Resp. (Dkt. 50), at 12.

This provision again incorporates a context-dependent standard of care in requiring a driver to stop "as close [to the scene of an accident] as possible[.]" For the previously stated reasons, this will not support a negligence *per se* claim. Further, nothing in this provision is targeted at the *cause* of the injury but rather mandates particular actions after the injury has occurred. This does not provide the necessary ingredient of causation to make out a negligence *per se* claim under Oklahoma law.[18]

Finally, Plaintiffs allege that Haaji violated 47 O.S. § 10-104(A), which states:

> The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his or her correct name, address and registration number of the vehicle he or she is driving, and shall upon request exhibit his or her driver license and his or her security verification form, as defined in Section 7-600 of this title, to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person. Any driver who provides information required by this section which is intentionally inaccurate shall be subject to the provisions of Section 10-103 of this title.

This provision does not support a negligence *per se* claim for the same reasons that 47 O.S. § 10-102(A) fails to do so. Specifically, while there are clear commands here, requiring the provision of information to victims of traffic accidents, those requirements

---

[18] *Howard,* 299 P.3d at 467.

are not aimed at preventing traffic injuries. Further, the requirement to render aid is again premised on a requirement that such aid be "reasonable assistance."

Plaintiffs were unable to direct the Court to any caselaw that demonstrated that Oklahoma courts have allowed any of these aforementioned provisions to form the basis of a negligence *per se* claim in a case similar to this one. While Plaintiffs have provided cases where Oklahoma courts have allowed *some* Rules of the Road to serve as a basis for a negligence *per se* claim, none of those cases are applicable here. However, to the extent that Plaintiffs can bring claims against Defendants for violations of 47 O.S. §§ 10-102(A) and 10-104(A), Plaintiffs may seek leave to amend their Amended Complaint.

## *Conclusion*

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiffs negligence *per se* claims as to violations of 47 O.S. §§ 11-102, 11-403(C), and 11-602(A). Plaintiffs may seek leave to amend their Complaint to properly plead violations of 47 O.S. §§ 10-102(A) and 10-104(A).

**IT IS SO ORDERED** this 16th day of September 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE