IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN JARRELL, LINDA JARRELL, DUSTIN CHANCE, and DUSTIN CHANCE, as father and next friend of T.C., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> AHMED IBRAHIM HAAJI, U.S. ROADWAYS ENTERPRISES, INC., and CSAA GENERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. CIV-23-37-PRW |

### ORDER

Before the Court is Plaintiffs' Second Motion to Compel Supplemental Discovery Responses from Defendants (Dkt. 66). This matter has been fully briefed and is ripe for decision. For the reasons that follow, the Motion (Dkt. 66) is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

This case arises from the December 9, 2020 collision of a tractor-trailer driven by Defendant Haaji and owned by Defendant U.S. Roadways Enterprises, Inc., and a truck driven by Plaintiff Lynn Jarrell, which contained Plaintiffs Linda Jarrell, Dustin Chance, and T.C. as passengers. Plaintiffs allege that Haaji made a negligent U-turn onto westbound US-412, blocking the roadway on which Plaintiffs were traveling and resulting in an

unavoidable accident. Plaintiffs further allege that Haaji first attempted to flee the scene of the accident and failed to render aid to Plaintiffs.

Plaintiffs filed this action in state court, and Defendants removed it to this Court on January 11, 2023. On May 8, 2025, Plaintiffs were granted leave to file an amended complaint. The Amended Complaint asserts claims against Defendant Haaji for (1) negligence and (2) punitive damages, and against Defendant Roadways for (1) vicarious liability via the doctrine of *respondeat superior*, (2) negligent entrustment, and (3) punitive damages. Plaintiffs Lynn and Linda Jarrell now seek to compel Roadways and Haaji to supplement their responses to various interrogatories and requests for production.

## *Legal Standard*

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case."[1] "Information within this scope . . . need not be admissible in evidence to be discoverable."[2] Rule 37(a) provides that a party may move to compel discovery so long as that party certifies "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."[3]

---

[1] Fed. R. Civ. P. 26(b)(1).
[2] *Id.*
[3] Fed. R. Civ. P. 37(a)(1); *see also* LCvR37.1.

*Analysis*

Plaintiffs seek two broad tranches of information in this Motion, (1) information related to Haaji's cell phone usage and (2) Haaji's driver's logs. Defendants object to the requests for production on the basis that such discovery requests are overbroad, not relevant, and are excessive and not proportional to the needs of the case.

I.      **Request for Production No. 1.**

Plaintiffs first request that Defendants "[p]roduce all records in [their] possession, custody or control evidencing any and all calls attempted, originated or received by US Roadways, or its representatives (excluding its attorneys of records in this matter), to/from Haaji beginning 09/28/2020, 12:00 A.M. (CST) to 12/31/2020, 11:59 P.M. (CST)."[4]

While the accident occurred on December 9, 2020, phone records after the date of the accident are still relevant, as Oklahoma law allows juries to consider "[h]ow long the [subject] conduct lasted and whether it is to continue" when assessing punitive damages.[5] The period from September 28, 2020, which represents the date Haaji received official communication from Roadways that cell phone usage while driving dramatically increases the likelihood of accidents, through December 31, 2020, represents a modest period of time that is plainly relevant to Plaintiffs' claim for punitive damages related to their accusations that Haaji was distracted by his cell phone when the accident occurred. The Court finds that Defendants should be able to produce such records with minimal difficulty.

---

[4] First Set of Req. Prod. (Dkt. 67, Ex. 1), at 1.
[5] Okla. Uniform Jury Instructions, §5.9(3).

Accordingly, the Court **GRANTS** Plaintiffs' Motion as it relates to Request for Production Number One.

## II.    Request for Production No. 2.

Plaintiffs then request "all records in [Defendants'] possession, custody or control relating to text-messages, SMS messaging, iMessage, Snap Chat, or similar messaging apps, between US Roadways, or its representatives (excluding its attorneys of records in this matter), and Haaji beginning 09/28/2020, 12:00 A.M. (CST) to 12/31/2020, 11:59 P.M. (CST)."[6] For the reasons given for the Court's granting the Motion for Request for Production Number One, the Court **GRANTS** the Motion as it relates to Request for Production Number Two.

## III.    Request for Production No. 3.

Plaintiffs next request "[Haaji's] cellular phone usage records and bills for [his] cellular phone at the time of the Incident for the time period beginning on September 28, 2020, and ending on December 31, 2020."[7] Such a request is relevant and proportional to Plaintiffs' claims for punitive damages. However, the Court would allow Defendants to redact phone numbers and the contents of any communications that may be gleaned from the records and bills, as only the time of cell phone usage is relevant to this case. Accordingly, the Motion as it relates to Request for Production Number Five is **GRANTED IN PART**.

---

[6] First Set of Req. Prod. (Dkt. 67, Ex. 1), at 2.

[7] Resp. to Second Set of. Req. Prod. (Dkt. 67, Ex. 2), at 1.

## IV.　Request for Production No. 18.

Turning finally to Request for Production Number 18, Plaintiffs seek "all [of Haaji's] logs, official or unofficial, for the six (6) months before the collision and for thirty (30) days after the Incident." This request is relevant as it relates to the previously discussed requests, as these would allow Plaintiffs to cross-reference when Haaji used his phone while driving. Further, the Court is unconvinced that producing such information will be unduly burdensome on Defendants. However, the driving logs for the periods of time prior to or after the period in the requests for phone records are not obviously relevant to the Court. Accordingly, the Court **GRANTS THE MOTION IN PART**. Defendant shall turn over all logs from the period beginning September 28, 2020, through December 31, 2020.

### *Conclusion*

For the foregoing reasons, the Court **ORDERS** Defendants to produce the information discussed above within twenty-one (21) days of entry of this Order.

**IT IS SO ORDERED** this 4th day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE